KEKUKE *vs.* KELIIAA.

EXCEPTIONS TO RULINGS OF AUSTIN, J.

JULY TERM, 1885.

JUDD, C. J. and McCULLY, J.

PRESTON, J., Disqualified.

Plaintiff brought ejectment on a deed made by him to defendant's grantor, claiming that the deed was conditional on the undertaking of the grantee to support plaintiff during his life; at the trial the Court excluded evidence as to failure of support.

Held, that by the terms of the deed, (which was in Hawaiian), no estate upon condition was created or could be inferred; and therefore there was no forfeiture of the estate on account of failure to support, and the refusal of the Court to allow evidence of the failure of the grantee to support plaintiff was correct.

A liberal construction should be given to Hawaiian words, which are claimed to be equivalent to technical expressions in English or Latin.

Exceptions overruled.

OPINION OF THE COURT, BY McCULLY, J.

THIS was an action of ejectment to recover a part of the premises conveyed by the plaintiff by a deed to one Kela, a Chinaman.

The material parts of the deed, upon the construction of which the exceptions taken depend, translated from the Hawaiian language in which the deed is written, are as follows:

Know all men by these presents that I, Kekuke, and my wife, Kamokoi * * * in consideration of one dollar, to us in hand paid, in witness of this sale and conveyance, and in pursuance of our own wish and good purpose, and on account of the consent of Kela to take good care of us in respect to all things as long as we live, do hereby convey unto the said Kela, our son-in-law, and his heirs, executors, administrators and assigns forever, all that piece of land * * * with its appurtenances to Kela and his successors (*hope*), the said Kela to peaceably hold the land, and we relinquish all our rights therein, and all leases which we or

either of us have made of any part thereof are hereby cancelled by this deed, and the said Kela is hereby empowered to extinguish such leases and to lease the land.

                    In witness whereof, etc.,
                            Signed by the grantors.

The plaintiff's case was that he had not received support from the grantee, and the exceptions are to the refusal of the Court to admit evidence to this effect, and directing a verdict for the defendant.

The question for our consideration is whether the deed creates an estate upon condition, with forfeiture and a right of re-entry for a breach thereof.

The doctrine of conditional estates is discussed on principle in *Rawson vs. Inhabitants of School District, etc.*, 7 Allen, 125. Bigelow C. J. in citing authorities says: " The usual and proper technical words by which an estate (conditional) is granted by deed, are ' provided,' ' so as' or 'on condition.' So a condition in a deed may be created by the use of the words, *'si,'* or *'quod si contingat,'* and the like, if a clause of forfeiture or re-entry be added. Co. Litt. 204, A. etc. Duke of Norfolk's case etc., 1 Wood on Conveyancing, 290. In grants from the Crown and in devises a conditional estate may be granted when it is given or devised for a certain purpose or with a particular intention, or on payment of a certain sum   *   *   *   But such words do not make a condition when used in deeds of private persons. If one make a feoffment in fee *ea intentione, ad effectum, ad propositum* and the like, the estate is not conditional but absolute, notwithstanding. These words must be conjoined in a deed with others giving a right to re-enter or declaring a forfeiture in a specified contingency, or the grant will not be deemed to be conditional."

There is, says the same authority, a difference between a deed made in consideration of an act to be done, or a service rendered, when the subject matter of the grant is in its nature executory, as an annuity to be paid for services to be rendered, in which case the failure to perform the services relieves from the further payment of the annuity, and a deed where the estate granted has passed. The above case is an exception.

Ordinarily, the failure of a consideration of a grant of land or

the non-fulfillment of the purpose for which a conveyance by deed is made, will not of itself defeat an estate, the reason, as given by Coke, being that "the state of the land is executed and an annuity executory." A deed for the use of land on condition of support might be an instance of an executory grant, revocable on failure to support. The Chief Justice, in the case from which we have cited with some condensation and change of words, says an estate cannot be made defeasible on a condition subsequent by construction founded on an argument *ab inconvenienti* only, or on consideration of supposed hardship or want of equity. The Court in this case held that a grant of land to a town "for a burying place forever," in consideration of love and affection, etc., is not a grant upon a condition subsequent.

In *Ayer vs. Emery*, 14 Allen, 67, a deed which was intended to provide for the support of an elderly couple, drawn in much more full and explicit terms than in the case at bar, was held not to create a defeasible estate. The warranty deed of the demandant's husband to the tenant was " in consideration of —— dollars paid, and in consideration of the fulfillment of certain agreements herein mentioned to be performed and fulfilled by the tenant," and following the description of the premises "and this conveyance is upon the consideration that said Emery, his heirs, executors and administrators, shall well and truly perform all the agreements, etc." Yet the Court, referring to the case above cited from 7 Allen, by the same Chief Justice Bigelow, held that there being no apt and proper words to create a condition, no clause of re-entry or forfeiture, no provision that the deed shall be void in a certain contingency, and a failure to indicate any clear intent to cause the estate to be defeated by reason of any act or omission of the grantee, the deed could not be held as conditional, and although in this case the Court thought it might be said that the deed was of equivocal import, "yet it is perfectly well settled that an estate on condition cannot be created by deed except when the terms of the grant will admit of no other reasonable construction," and further say, in conclusion : " A court of law cannot vary the rules of construction to meet cases of hardship and injustice, however remediless they may be."

*Labam vs. Carleton,* 53 Me., 211, was decided upon reference to the reasoning and authorities of 7 Allen, first cited.

We should give a favorable construction to words and phrases in the Hawaiian language, which may be claimed to be the equivalent of necessary technical words in English or Latin, but by no liberality of construction can we find in the deed before us anything equivalent to the words of condition required by the authorities cited above. "Such phrases as ' on condition,' 'provided,' 'if it shall so happen,' are found in constant use, and if resorted to will remove any doubt as to the estate being on condition." Tiedeman on Real Property, Sec. 272 ; Washburn, R. P., Ch. XIV., Sec. 3.

Although, words not in terms creating a condition may create one, if followed by a clause reserving a right of re-entry in favor of the grantor in case of failure to carry out the intention thus expressed.

Washburn, R. P., Ch. XIV., Sec. 3; Tiedeman, R. P., Sec. 273; *Labam vs. Carleton,* 53 Me., 213.

The words of this deed are " in pursuance of our own wish and good purpose (manao maikai) and because of the consent of Kela to take good care of us in respect to all things as long as we live," and they are followed by no clause of re-entry. This must be treated as a part of the consideration. To hold it as a condition would be supported by no authority and would be contrary to the well-settled principles of law.

We further observe that this deed has no language imposing the execution of any supposed condition upon heirs and assigns. In such case the estate cannot be forfeited for any breach of the condition after the grantor has parted with the estate. Tiedeman, R. P., Sec. 273.

In *Page vs. Palmer,* 48 N. H., 385, held that in order to bind heirs or assigns to the performance of conditions subsequent they must be expressly mentioned in the condition. See also *Emerson vs. Simpson,* 48 N. H., 475 ; *Merrifield vs. Cobleigh,* 4 Cush., 178 ; *Fellows vs. Brown,* 42 N. H., 364 ; 4 Kent's Com., 130.

Reverting to the language of the deed in this case, it will be seen that the grantors made their support a matter of personal confidence in their son-in-law. Their deed contains no words

which can be construed to create a conditional estate by any even liberal and equitable construction, if that were allowable, but the law by all the authorities is that conditions annexed to estates going to defeasance being odious in the law must be construed strictly.

4 Kent's Com., 129; *Emerson vs. Simpson,* 43 N. H., 477; Wash. R. P., 447.

The ruling of the Court excluding evidence to show a failure of support, was correct and the exceptions are overruled.

*Kinney & Peterson,* for plaintiffs.

*Cecil Brown,* for defendants.

Honolulu, September 5, 1885.